[No. 7519.   Decided November 13, 1908.]

WILL LANNING *et al.*, *Appellants*, v. ROGER McNEILL *et al.*, *Respondents.*[1]

VENDOR AND PURCHASER—REMEDY OF VENDOR—ACTION FOR PRICE—
DEFENSES.  Where, by the terms of a contract, $1,350 was to be paid
in cash for land sold, and plaintiff had receipted for that sum on
payment of $1,500, it is a good defense to an action for the balance
that the parties had verbally agreed that two lots were to be con-
veyed and received in lieu of $350, and that defendants tendered a
deed thereof.

Appeal from a judgment of the superior court for Chehalis
county, Irwin, J., entered April 6, 1908, upon findings in
favor of the defendants, dismissing on the merits an action for
the contract price of land sold, after a trial before the court
without a jury.  Affirmed.

*R. E. Taggart* (*J. M. Phillips*, of counsel), for appel-
lants.

*John C. Hogan*, for respondents.

PER CURIAM.—This action was brought to recover $350
from the defendants.  The plaintiffs allege that they sold to
the defendant Roger McNeill certain real estate in the city
of Aberdeen, Washington, and that they gave him a contract
for the sale to the effect that the price to be paid was $2,500,
of which $1,350 was to be paid in cash and the balance in
six months and one year from date; that in the contract
the plaintiffs receipted for $1,350, whereas in fact but $1,000
was paid, leaving $350 still unpaid.  Judgment is demanded
for that sum and interest.  The .defendants answered, ad-
mitting that McNeill purchased the property and admitting
that but $1,000 cash was paid at the time; but they allege
that it was agreed verbally when the contract was signed

[1]Reported in 97 Pac. 1093.

that the plaintiffs would accept a conveyance of two lots in Aberdeen and $1,000 in cash in full of the first payment, and that the defendants would cause the title to the lots to be transferred from one Crain and wife to the plaintiffs. The cause was tried by the court without a jury, and the court found in accordance with defendants' contention, and gave judgment accordingly, from which the plaintiffs have appealed.

The answer presented a defense, and the demurrer to it was properly overruled. We have read the evidence and find that the court's finding that the two lots were to be taken in trade at a valuation of $350 is fully sustained. Proper deed conveying the title to the two lots to the appellants was tendered in due time and refused. The judgment is supported by the record, and it is affirmed.

FULLERTON and ROOT, JJ., took no part.